785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL VALAN, III, Plaintiff-Appellant,
v.
GERALD T. MCFAUL, SHERIFF, et al., Defendants-Appellees.
 84-3763
 United States Court of Appeals, Sixth Circuit.
 1/31/86
 
 BEFORE: JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a district court judgment dismissing a civil rights action for want of prosecution. The question presented is whether, under the particular facts of this case, the district judge had discretion to dismiss the action at the particular time she chose to do so. Because we conclude that her discretion did not extend far enough to justify a dismissal, we shall reverse the order and remand the case for trial or other appropriate disposition.
 
 
 2
 The action was commenced on March 15, 1983, when the plaintiff, then a deputy sheriff in Cuyahoga County, Ohio, filed suit in the Northern District of Ohio under 28 U.S.C. Sec. 1983 against the sheriff of Cuyahoga County and the warden of the county jail.
 
 
 3
 The defendants were served with process, and they filed an answer. On May 11, 1983, defendants started taking the plaintiff's deposition. The deposition was not concluded that day, and by agreement of counsel it was resumed on May 17. Unable to complete the deposition on the 17th, defendants' counsel brought plaintiff back for a third installment on June 24. Again the deposition was not concluded, and the record does not disclose what efforts, if any, defendants may have made to schedule a fourth sitting.
 
 
 4
 On August 5, 1983, leave of court having first been obtained, plaintiff filed an amended complaint adding the Cuyahoaga County Board of County Commissioners as a new party defendant. All defendants answered the amended complaint on August 16, and the Board simultaneously moved for a dismissal as to it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff never responded to the Board's 12(b)(6) motion, but the trial court does not seem ever to have ruled on the motion.
 
 
 5
 On October 31, 1983, plaintiff's counsel moved to withdraw from the case. A hearing--described by the defendants as '[a] hearing on the motion to withdraw as counsel'--was held on December 14, 1983. Plaintiff attended that hearing in person. He was told by the court to obtain new counsel, whose appearance was to be entered by January 13, 1984; otherwise, the court ordered, the action would be dismissed. Plaintiff's original attorney was to remain as counsel in the interim.
 
 
 6
 Plaintiff obtained substitute counsel, as ordered, the new attorney entering an appearance on January 9, 1984. On March 6, 1984, however, the new attorney moved to withdraw. The motion to withdraw was granted on March 19, 1984.
 
 
 7
 On March 21, 1984, the defendants moved to dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, 'for the reason that the Plaintiff has failed to adequately prosecute his claim.' The thrust of the brief accompanying the motion to dismiss was that plaintiff had undertaken no discovery, had not opposed the Board of County Commissioners' 12(b)(6) motion, and was without counsel--a circumstance that made resumption of plaintiff's deposition impossible, as defendants represented. (The latter claim should, perhaps, have been taken cum grano salis, since plaintiff had been represented by counsel continuously for more than a year, during which time he had presented himself at no fewer than three deposition sessions. The record discloses no reason to suppose he could not have found his way to a fourth session, if really necessary, without the aid of counsel.) Defendants' brief strongly emphasized plaintiff's supposed inability to find any attorney willing to represent him.
 
 
 8
 A copy of the defendants' motion to dismiss was mailed to plaintiff on March 21, 1984. Under the local court rules plaintiff had ten days in which to respond to the motion, and three days were added to that because service was made by mail. Rule day for responding to the motion to dismiss thus appears to have been April 3, 1984.
 
 
 9
 Plaintiff did not file a brief opposing the motion to dismiss, but defendants concede that '[o]n April 3, 1984 plaintiff's third attorney filed a letter with the Federal District Court indicating that they would be assuming the responsibility as counsel of record for plaintiff.'
 
 
 10
 On the following day, April 4, 1984, the trial court filed a memorandum and order granting defendants' motion and dismissing the case with prejudice, pursuant to Rule 41(b), for failure to prosecute. The court's memorandum explicitly acknowledged that plaintiff's third attorney had now arrived on the scene. A separate order of dismissal was filed on April 7, 1984.
 
 
 11
 On April 16, 1984--within the time allowed by Rule 59(e), Fed. R. Civ. P.--plaintiff filed a motion to alter or amend the judgment of dismissal. Plaintiff also moved for leave to file a second amended complaint, alleging that his employment had been terminated during the pendency of the lawsuit. On August 8, 1984, the trial court filed a memorandum and order amending the judgment to provide that dismissal of the action would be without prejudice if plaintiff paid defendants' litigation expenses, including reasonable attorney fees. Plaintiff appealed the dismissal, and represents to this court that he 'is unable to pay the Appellee's expenses.' There has been no determination of the dollar amount plaintiff would have to pay in order to refile his lawsuit.
 
 
 12
 It seems somewhat harsh to require plaintiff to come up with another $60.00 filing fee and pay defendants' reasonable litigation costs, whatever they may be, if plaintiff has not done anything wrong--and we have had some difficulty, we confess, in determining precisely how plaintiff was at fault.
 
 
 13
 Plaintiff failed, to be sure, to respond to the Board of County Commissioners' 12(b)(6) motion, but if he had no valid grounds for opposing the motion, why should plaintiff have wasted everyone's time with a frivolous response? We think the appropriate action on the court's part would have been simply to grant the board's motion and let the case proceed against the sheriff and the warden.
 
 
 14
 The trial court notes that plaintiff's second counsel failed to file any pleadings, but the case was already at issue and it does not appear that any pleadings were called for.
 
 
 15
 Defendants, in the brief accompanying their motion to dismiss, noted that 'plaintiff has undertaken no discovery of any kind.' But while abuse of the privilege to take discovery is often a matter of legitimate concern, we had not heretofore thought that a failure to exercise the privilege to take discovery would be grounds for dismissal. Not every plaintiff needs discovery, or considers it worth the time, money and effort to pursue, and we should not have thought that one could be precluded from going to trial merely because he elected to forego pretrial discovery.
 
 
 16
 It is not apparent from the record that plaintiff has ever disobeyed any order of the court, and at oral argument counsel could cite no instance of disobedience. Plaintiff has not flouted an order to file a pretrial statement, witness list, or exhibit list, because it does not appear any such order was ever issued. He has not failed to appear for depositions when he was supposed to. He has not failed to attend pretrial hearings. He was never directed to appear for trial, and he has not sought any trial continuances. He has not failed to respond to written interrogatories, motions for production or requests to admit, for there have been none. About all that can fairly be said is that plaintiff has switched counsel twice and has failed to oppose a well-taken motion to dismiss a new party defendant. We do not consider this enough to justify a dismissal of the entire case.
 
 
 17
 The judgment is therefore REVERSED and the cause REMANDED. On remand, the district court may wish to consider fixing dates for the resumption of plaintiff's deposition, the completion of all discovery, the filing of any pre-trial statements that may be necessary, the exchange of witness lists, the identification of exhibits, and so forth. That and the setting of the case for trial on a date certain should help concentrate the minds of plaintiff and his new counsel, should their minds be in need of concentrating. We trust it is clear that nothing we have said here would preclude the court from ordering a dismissal, or other sanctions, if plaintiff should henceforth fail, without good cause, to comply with such reasonable pre-trial orders as the court may enter after the remand.